UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALRADA PRECISION CORP., a California corporation, wholly owned subsidiary of DALRADA FINANCIAL CORPORATION, a Wyoming corporation,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>STUART COX, an individual,<br><br>　　　　　　　　　　Defendant. | Case No.: 23-CV-1064 JLS (DEB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO SERVE SUMMONS AND COMPLAINT BY ALTERNATIVE OR SUBSTITUTED SERVICE AND REQUEST FOR EXTENSION OF TIME FOR SERVICE OF PROCESS**<br><br>(ECF Nos. 9, 10) |

Presently before the Court are Plaintiffs Dalrada Precision Corporation and Dalrada Financial Corporation's (collectively, "Plaintiffs") Opposition to Motion to Dismiss Complaint ("Opp'n," ECF No. 10) and Motion for Leave to Serve Summons and Complaint by Alternative or Substituted Service and Request for Extension of Time for Service of Process ("Mot.," ECF No. 9).

In its June 29, 2023 Order ("Order," ECF No. 7), which the Court here incorporates by reference, the Court denied Plaintiffs' requests for a temporary restraining order and preliminary injunction. In the six months following the Order, no action occurred in the

case. The Court therefore set this matter for hearing on February 9, 2024 pursuant to Civil Local Rule 41.1, which allows the Court to dismiss an action pending for six months or more without action for want of prosecution. *See* ECF No. 8. Plaintiffs responded to this Court's Notice of Hearing by filing the Motion and Opposition on February 5, 2024.

Plaintiffs explain that the delay in this case relates to their inability to serve Defendant Stuart Cox, who "currently resides in the Philippines." Opp'n at 4. Though Plaintiffs possess an email address and cell number for Defendant, they lack any "location information for Defendant other than a region/area where he is believed to be residing." *Id.* Plaintiffs report they have conducted "an exhaustive internet search such as Google, Linkdin [sic], etc." that failed to uncover an address for Defendant. *Id.* Plaintiffs also indicate they have recently engaged an international company to "perform a skip trace on Defendant in order to find a location where he could be served." *Id.* Plaintiffs request that the Court (1) provide "leave to serve Defendant . . . by publication in an adjudicated newspaper where Defendant was last known to have resided" and (2) "grant . . . an extension of time in which to serve Defendant." Mot. at 5.

As Plaintiffs have not made a sufficient showing to justify service by publication on an individual residing in a foreign country, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' request to serve Defendant by publication. Plaintiffs—who are represented by counsel—argue that the Court may authorize service by publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and California law. *See* Mot. at 3 (citing Cal. Civ. Proc. Code § 415.50). But Rule 4(e) governs service on "an individual . . . in a judicial district of the United States." Fed. R. Civ. P. 4(e).[1] It is Rule 4(f), not Rule 4(e), that governs

---

[1] Even if Rule 4(e)—and through it, California law—applied, Plaintiffs' showing would be insufficient. California Code of Civil Procedure § 415.50 requires Plaintiffs to submit "affidavit[s]" demonstrating, among other required showings, that service cannot be completed through reasonable diligence by means other than publication. Though Plaintiffs' Motion references "declarations attached hereto," Mot. at 3, Plaintiffs filed no declaration or affidavit alongside either their Motion or Opposition describing their efforts to locate and serve Defendant. Moreover, as Plaintiffs have neither completed a skip trace nor explained the approximately four-month gap between when they first requested a quote for a skip trace on Defendant and when their current skip trace allegedly commenced, *see* Opp'n Ex. A at 1–2, the Court is

service on individuals within a foreign country.  Fed. R. Civ. P. 4(f).  Plaintiffs make no argument as to whether Rule 4(f) authorizes service by publication under the circumstances of this case, and the Court will not manufacture arguments for Plaintiffs.

That said, as Plaintiffs indicate that a skip trace to locate Defendant is ongoing and allege facts that suggest that Defendant is evading service of process,[2] the Court will **GRANT** Plaintiffs ninety (90) days from the date of this Order to serve Defendant through means authorized by Federal Rule of Civil Procedure 4(f).  If Plaintiffs are unable to serve Defendant by this deadline, Plaintiffs **SHALL FILE** a status report describing their efforts to serve Defendant during the extension.  If said status report does not demonstrate good cause for an additional extension, the Court may examine whether dismissal of this action is appropriate based on Plaintiffs' failure to serve.  *See Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("Because district courts need to be able to control their dockets, we have stated that the amount of time allowed for foreign service is not unlimited."); *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015).

**IT IS SO ORDERED.**

Dated:  February 9, 2024

Hon. Janis L. Sammartino
United States District Judge

---

skeptical that Plaintiffs have exercised reasonable diligence in their efforts to locate and serve Defendant up to this point*, see United Fin. Cas. Co. v. R.U.R. Transportation, Inc.*, No. 22CV333-LL-WVG, 2022 WL 16747283, at *3–4 (S.D. Cal. Nov. 7, 2022) (finding reasonable diligence in part because an investigator's *completed* skip trace had not located the defendant).  Lastly, Plaintiffs have not identified through which publication they intend to serve Defendant nor explained why said publication is likely to provide notice to Defendant.  *See id.* at *5.

[2] Plaintiffs allege that Defendant "has contacted one of [Plaintiffs'] officers and has informed [the officer] that [Defendant] is aware that Plaintiff[s] ha[ve] filed a lawsuit against him."  Mot. at 3.