1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  DALRADA PRECISION CORP., a California corporation, wholly owned subsidiary of DALRADA FINANCIAL CORPORATION, a Wyoming corporation, | Case No.: 23-CV-1064 JLS (DEB) |
| | **ORDER DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO FEBRUARY 9, 2024 ORDER** |
| Plaintiffs, | |
| v. | |
| STUART COX, an individual, | |
| Defendant. | |

19          This case has been pending for more than one year.  Despite warnings from the

20  Court, Plaintiffs Dalrada Precision Corporation and Dalrada Financial Corporation

21  (collectively, "Plaintiffs") have failed to either (1) serve Defendant Stuart Cox or (2)

22  provide an update on their progress on that front as required by this Court's February 9,

23  2024 Order ("Order," ECF No. 12).  For the reasons that follow, the Court **DISMISSES**

24  this action **WITHOUT PREJUDICE** for failure to prosecute.

25                                    **BACKGROUND**

26          The instant case involves a dispute stemming from Plaintiffs' acquisition of Likido

27  Limited, a company then owned by Defendant Stuart Cox.  *See* ECF No. 7 at 2.  As part of

28  the acquisition, Plaintiffs (1) transferred to Defendant 6,118,000 of Dalrada Financial's

common equity shares and (2) agreed to pay Defendant a guaranteed salary of $5,000 per month for thirty-six months.  *Id.*

Approximately 1.5 years post-acquisition, a third-party company (MAPtech) filed a Notice of Arbitration against Likido for alleged misconduct perpetrated by Defendant.  *Id.* MAPtech would ultimately be awarded $429,987.98 plus interest out of Plaintiffs' coffers. *Id.* at 2–3.

Approximately one year after arbitration commenced, Plaintiffs terminated their relationship with Defendant after, in their view, paying him more than they were obligated to pay under the acquisition agreement.  *Id.* at 3.  Unhappy with this result, Defendant threatened to use his equity holdings to harm Plaintiffs unless the payments continued.  *Id.* Per Plaintiffs, he also defamed them in messages to their employees.  *Id.*

Plaintiffs commenced this lawsuit on June 8, 2023, raising claims for fraud, breach of contract, unjust enrichment, defamation, and unfair competition.  *Id.*  Shortly thereafter, they filed a Motion for Temporary Restraining Order and Preliminary Injunction, followed ten days later by an Ex *Parte* Application for Temporary Restraining Order.  ECF Nos. 4, 6.  The Court denied both on June 29, 2023, concluding that Plaintiffs had failed to show likely irreparable harm.  ECF No. 7 at 9.

In the six months following this denial, no action occurred in the case.[1]  On January 9, 2024, therefore, the Court noticed a February 9, 2024 hearing pursuant to Civil Local Rule 41.1, which allows the Court to dismiss an action pending for six months or more without action for want of prosecution.  *See* ECF No. 8.

Plaintiffs responded with two filings on February 5, 2024.  *See* ECF Nos. 9, 10.  In the second filing, Plaintiffs indicated that they had not yet served Defendant because they possessed only the following information about his whereabouts: an email address, a cell number, and an approximate region of residence in the Philippines.  ECF No. 10 at 4.  They

---

[1] Ordinarily, a plaintiff must serve the defendant(s) in her lawsuit within 90 days or face dismissal.  Fed. R. Civ. P. 4(m).  That rule, however, does not apply to service on defendants who reside outside of the United States.  *Id.*  And, per the Complaint, Defendant resides in the Philippines.  Compl. ¶ 5.

argued that they had "employed every reasonable means of locating Defendant." *Id.* These "reasonable means," however, included only "an exhaustive internet search such as Google, Linkdin, etc. [sic]" and an email exchange with an investigation company. *Id.* In this email exchange, the investigation company stated on September 19, 2023, that it could complete a "skip trace" within ten to twelve days of receiving payment. ECF No. 10-1 at 2. Plaintiffs' counsel did not respond to this statement, however, until January 25, 2024— 16 days *after* the Court informed Plaintiffs it was considering dismissing this action for want of prosecution. *Id.* at 1–2.

Separately, perhaps seeking to avoid the expense of this company's services, Plaintiffs moved to serve Defendant through publication. ECF No. 9 at 4.[2]

In the Order, the Court denied without prejudice Plaintiffs' request to serve via publication, reasoning (1) Plaintiffs cited the incorrect legal standard and (2) given Plaintiffs paltry efforts to that point, the Court was unconvinced Plaintiffs had shown diligent efforts to effectuate service through means reasonably calculated to reach Defendant. Order at 2–3 & n.1. The Court nevertheless granted Plaintiffs a ninety-day extension to serve Defendant in compliance with Federal Rule of Civil Procedure 4(f). *Id.* The Court ordered Plaintiffs to file a status report describing their efforts to serve Defendant at the conclusion of this ninety-day period. *Id.* If Plaintiffs failed to demonstrate reasonable diligence, the Court warned, they risked "dismissal of this action." *Id.* More than *120* days have since passed, and the Court has heard nothing from Plaintiffs.

## LEGAL STANDARD

"Because district courts need to be able to control their dockets, . . . the amount of time allowed for foreign service is not unlimited." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). Indeed, courts may "set[] a reasonable time limit for service in a foreign country to properly manage a civil case." *Inst. of Cetacean Rsch. v.*

---

[2] In this motion, Plaintiffs indicated they had "requested that [the investigation company" perform a skip trace. *Id.* at 2. Plaintiffs provide no evidence of such a request, however, and the email exchange submitted by Plaintiffs does not confirm that a skip trace commenced. *See* ECF No. 10-1.

*Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (quoting *Baja Devs. LLC v. TSD Loreto Partners*, NO. CV–09–756–PHX–LOA, 2009 WL 2762050, at *1 (D. Ariz. Aug. 26, 2009)).  And when a plaintiff disregards such a timeline, a court may enforce it through sanctions, including dismissal.[3]

Before dismissing an action for failure to serve in compliance with a court order, however, a court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

## DISCUSSION

Here, the balance of the *Pagtalunan* factors weigh in favor of dismissal.  The first and fifth factors cut in opposite directions.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (noting the fifth factor counsels against dismissal).  The Court thus focuses on factors two, three, and five.

Factor two—the Court's need to manage its docket—here weighs in favor of dismissal.  This case has dragged on for more than a year without service.  After the Court denied Plaintiffs' requests for interlocutory injunctive relief in this case's first month, this case has advanced only because the Court—through a Local Rule 41.1 hearing—forced Plaintiffs' hand.  Thereafter, Plaintiffs ignored an Order explicitly requiring them to

---

[3] *See, e.g.*, *Int'l Metaphysical Ministry, Inc. v. Schaefer*, No. C 18-4524 SBA, 2018 WL 10560778, at *1–8 (N.D. Cal. Nov. 21, 2018) (dismissing claims against unserved, foreign defendant with prejudice where the plaintiff (1) failed to serve the defendant within 11 months of commencement of suit and (2) failed to comply with a 90-day service deadline set by the court); *City Drinker, Inc. v. Kodali*, No. CV 13-9223 PA (PLAX), 2014 WL 12608565, at *1–2 (C.D. Cal. Dec. 10, 2014) (dismissing foreign defendants without prejudice after the plaintiff failed to serve them within one year); *United States ex rel. Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2021 WL 2073814, at *2 (N.D. Cal. Apr. 20, 2021) (dismissing foreign defendant without prejudice after the plaintiff did not pursue international service "in a diligent fashion").

demonstrate diligence in their efforts to serve Defendant.  The Court cannot prosecute this case for Plaintiffs.  And, by requiring the Court to push the case forward in their stead, Plaintiffs consume "valuable time that [the Court] could . . . devote[] to other major and serious criminal and civil cases on its docket. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  Courts faced with a similar lack of diligence have weighed factor two against plaintiffs. *See, e.g.*, *Yourish*, 191 F.3d at 990–91; *Armenian v. Baliacas*, No. 220CV08289FWSMRW, 2022 WL 3356525, at *4 (C.D. Cal. Aug. 15, 2022).  So too here.

Regarding factor three, as the delay associated with Plaintiffs' inaction stretches on, a presumption of prejudice to Defendant arises. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994).  Though Plaintiffs could rebut this presumption by providing a reason for their delay, *id.*, Plaintiffs, by ignoring this Court's Order, have declined to do so.  And the evidence before the Court—most notably, Plaintiffs' months-long delay in investigating Defendant's whereabouts, *see* ECF No. 10-1 at 2—suggests the delay in this case is due not to any difficulty associated with serving an international defendant, but instead Plaintiffs' reluctance to engage in the necessary steps.  In such circumstances, factor three weighs in favor of dismissal. *See Schaefer*, 2018 WL 10560778, at *5; *Armenian*, 2022 WL 3356525, at *4.

Finally, where a court has previously implemented less drastic alternatives—e.g., by warning a plaintiff that further failure to serve may result in dismissal—factor four weighs in favor of dismissal. *Schaefer*, 2018 WL 10560778, at *6 (citing *Ferdik*, 963 F.2d at 1262).  Here, the Court has twice—once through a notice of Local Rule 41.1 hearing and again through the Order—warned Plaintiffs that continued lack of diligence could lead to dismissal of this action.  Factor four thus does not save Plaintiffs.

## CONCLUSION

Because the balance of the *Pagtalunan* factors weighs in favor of dismissal, the Court would be justified in dismissing this action with prejudice. *See id.*  In line with most courts facing similar situations, however, the Court instead elects to **DISMISS** this action **WITHOUT PREJUDICE**. *See Armenian*, 2022 WL 3356525, at *5; *Lesnik*, 2021 WL

2073814, at *2; *cf.* S.D. Cal. Civ.L.R. 41.1 (stating that, unless otherwise ordered, a dismissal for want of prosecution will be without prejudice); Fed. R. Civ. P. 4(m) (indicating the response to a plaintiff's failure to timely serve should be dismissal without prejudice).  As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

   **IT IS SO ORDERED.**

Dated:  June 21, 2024

             Hon. Janis L. Sammartino
             United States District Judge

23-CV-1064 JLS (DEB)